UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| METRO MEDICAL SUPPLY, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:14-CV-00789 |
| | ) | JUDGE NIXON/BROWN |
| RHEUMATOLOGY ASSOCIATES, P.A., | ) | JURY DEMAND |
| a North Carolina professional association, | ) | |
| | ) | |
| Defendant | ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted**.

1. **JURISDICTION**

    (a) Subject-Matter Jurisdiction

    This Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), insofar as the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

    (b) Personal Jurisdiction

    RA filed its *Motion to Dismiss* (DE 8) and accompanying documents, wherein it argues that this Court lacks personal jurisdiction because Tennessee does not have sufficient minimum contacts with RA. Metro Medical filed a *Response in Opposition to Defendant's Motion to Dismiss* (DE 14) arguing that because this Court has personal jurisdiction over RA's predecessor, Arthritis Rheumatology & Osteoporosis Center of N.C., P.A. ("AROC"), it has imputed personal jurisdiction over RA.

2. **PLAINTIFF'S THEORY OF THE CASE**

    Metro Medical sold and supplied various medical goods to Defendant's predecessor company AROC. When AROC failed to pay for those Medical Goods, Metro Medical obtained a judgment against AROC in Case No. 12-403-I, in the Chancery Court for Davidson County,

Tennessee ("Judgment"). After obtaining the Judgment, Metro Medical initiated post-judgment collection efforts in North Carolina. AROC has never paid on this Judgment. Instead, Dr. Zorn, AROC's president, sole stockholder, and board chairwoman of AROC, incorporated RA — a company identical to AROC. RA was incorporated by Dr. Zorn with the express purpose of hindering and delaying Metro Medical from collecting on its Judgment, and at the same time allowing Dr. Zorn to continue to practice medicine without the burden of paying AROC's creditors.

Metro Medical asserts that RA is liable for the indebtedness under a theory of successor liability and/or that the incorporation of RA by Dr. Zorn was expressly for the purpose of hindering and delaying Metro Medical from collecting its Judgment.

3. **DEFENDANT'S THEORY OF THE CASE**

Defendants currently are of the position that Plaintiff Metro Medical's complaint should be dismissed for lack of both jurisdiction and proper venue. In the alternative, Defendants maintain that RA was not incorporated expressly for the purpose of hindering Plaintiff's collection efforts against AROC, and that all judgments held by Metro Medical against AROC were properly disposed of during bankruptcy proceedings initiated July 23, 2013 by AROC under Chapter 7 of the United States Bankruptcy Code in United States Bankruptcy Court for the Eastern District of North Carolina, completed on December 19, 2013, and as such, no liability, successor or otherwise, exists for such claims.

4. **IDENTIFICATION OF THE ISSUES**

(a) Whether RA is liable for the Judgment obtained against AROC on a successor-liability theory.

(b) Whether AROC fraudulently transferred tangible or intangible assets to RA and therefore is liable for the amount necessary to satisfy the Judgment or for the value of the assets transferred.

5. **ISSUES UNDER FRCP 13-15, 17-21, AND 23**

At this time, the Parties do not anticipate any issues arising from the above-cited rules.

**6.  WITNESS**

   (a)   Potential Witnesses for Metro Medical

   (i)    Employees of Metro Medical;

   (ii)   Dr. Suzanne Zorn;

   (iii)  Mr. Mark Wiener; and

   (iv)   Employees of AROC and RA.

   (b)   Potential Witnesses for RA

   (i)    Dr. Suzanne Zorn;

   (ii)   Mr. Mark Wiener;

   (iii)  Richard Dewitte Sparkman, Trustee; and

   (iv)   Employees of AROC and RA.

**7.  INITIAL DISCLOSURES AND STAGING OF DISCOVERY**

   (a)   Initial Disclosures shall be made on or before: **Tuesday, June 3, 2014**.

   (b)   All written discovery shall be completed on or before: **Wednesday, September 17, 2014**.

   (c)   All depositions shall be completed on or before: **Friday, October 17, 2014**.

   (d)   Prior to filing any discovery-related motion, the Parties will schedule and conduct a telephone conference with the Magistrate Judge. Counsel requesting the conference call shall check with opposing counsel as to his/her availability before setting a time certain with the Court.

**8.  DISPOSITIVE MOTION**

   (a)   The deadline for filing dispositive motions shall be filed on or before: **Monday, November 17, 2014**.

   (b)   The deadline for filing a response shall be on or before: **Monday, December 15, 2014**.

   (c)   The deadline for filing a reply shall be on or before: **Monday, January 5, 2015**. [1]

---

[1] Although there is typically a 14-day deadline for all replies, due to the holiday season, the Parties have consented that the Reply deadline can be extended to 21 days.

(d) If a dispositive motion is filed prior to the above-stated deadline, all subsequent deadlines shall be moved up accordingly, except for the reply deadline, which shall be **14 days** after the filing of any response.

(e) Motion and response memoranda are limited, absent permission from this Court, to **25 pages**. Any reply shall be limited to **five pages**, absent court permission.

## 9. OTHER DEADLINES

At this time, the Parties see no reason to set any other deadlines.

## 10. ALTERNATIVE DISPUTE RESOLUTION

Metro Medical and RA consent to discuss engaging in alternative dispute resolution.

## 11. CONSENT TO TRIAL BEFORE THE MAGISTRATE JUDGE

The parties do not consent to a trial by the Magistrate Judge.

## 12. SUBSEQUENT CASE MANAGEMENT CONFERENCE

A telephone conference with Magistrate Judge Brown to discuss case progress and alternative dispute resolution is set for **Monday, August 18, 2014, at 1:30 p.m. To participate in the conference call, parties will call 615-695-2851 at the scheduled time.** A joint statement of any unresolved issues must be submitted one full business day prior to the conference call.

## 13. TARGET TRIAL DATE

The parties estimate that this jury trial will take three days, depending on what issues remain for trial. After consulting with Judge Nixon's courtroom deputy, this matter is set for trial on **April 14, 2015, at 9:00 a.m.** Judge Nixon will conduct the final pretrial conference on **April 3, 2015, at 10:00 a.m.** Judge Nixon will issue a separate order covering his requirements for the final pretrial conference and the trial.

It is so ORDERED.

    /s/    Joe B. Brown
JOE B. BROWN
UNITED STATES MAGISTRATE JUDGE